IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ROBERT LEE POKE, JR.,

   Plaintiff,

v.

             CIVIL ACTION NO.: CV507-003

JOE WHITE, Interim Sheriff, and
KIM PHILLIPS, Jail Administrator,

   Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at D. Ray James Prison in Folkston, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while incarcerated at Coffee County Jail. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that on April 7, 2006, he was involved in a "physical altercation" with another inmate at the Coffee County Jail. During the fight, Plaintiff contends, he was struck in the face and was cut with a knife on the hand. Plaintiff asserts that subsequent to receiving stitches at the hospital, his injuries were not properly cared for at the jail and that his requests for sick calls were ignored. Plaintiff also asserts that he was unfairly punished for the fight, and that he was also placed in the same area as the offending inmate and made to fear for his safety.

Plaintiff has named as Defendants Joe White, Interim Sheriff in Coffee County, and Kim Phillips, Coffee County Jail Administrator. However, Plaintiff has failed to

make any specific factual allegations against either of these individuals relating to his claims. It appears that Plaintiff seeks to hold these Defendants liable based solely on their supervisory roles. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. <u>Braddy v. Fla. Dep't of Labor & Employment Sec.</u>, 133 F.3d 797, 801 (11th Cir. 1998). Supervisors may be liable only through personal participation in the alleged constitutional violation or where there is a causal connection between the supervisor's conduct and the alleged violations. <u>Id.</u> at 802. A "causal connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. <u>Id.</u> Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." <u>Id.</u>

Plaintiff has alleged no such personal participation or causal connection on the part of either of the named Defendants. Accordingly, he has failed to state a claim upon which relief may be granted.

## CONCLUSION

It is my **RECOMMENDATION** that Plaintiff's complaint be **DISMISSED**.

SO REPORTED and RECOMMENDED, this 8th day of March, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE